UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

CAREY A. NOLAN

      v.                    Case No. 25-cv-356-SM-AJ

UNITED STATES OF AMERICA

### REPORT AND RECOMMENDATION

Carey A. Nolan filed a Complaint in this matter (Doc. No. 3) along with a document Nolan entitled, "Motion for Emergency Injunctive Relief" (Doc. No. 2), which asks this court to order a federal investigation. The Complaint, naming the United States as the sole defendant, is here for preliminary review under 28 U.S.C. § 1915(e)(2). Nolan's (unsigned) motion (Doc. No. 2) has been referred to the magistrate judge for a Report and Recommendation.

### Background

The Complaint asserts that Nolan was stalked and sexually assaulted by a group of people Nolan believes may be affiliated with a property Nolan rented. Nolan asserts that the stalkers used "signal-based technology." Nolan asked state law enforcement agents for help, but Nolan's requests did not yield results. No investigation happened. Nolan was also told that a protective order will not be issued because Nolan lacks evidence. Nolan believes that there may be public corruption involved. Nolan names the United States as a defendant, but allege no facts regarding the acts or omissions of any federal agent or federal agency.

### Discussion

The United States' "'[s]overeign immunity is jurisdictional in nature' and deprives

courts of the power to hear suits against the United States absent Congress's express consent." United States v. Miller, 145 S. Ct. 839, 849 (2025) (citation omitted). This court must dismiss a case if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Nolan has not asserted any facts to show that the United States's sovereign immunity is waived, or that this court has jurisdiction over this case. This court does not have jurisdiction over every case involving the United States as a defendant. See Davallou v. United States, 998 F.3d 502, 504 (1st Cir. 2021). Nolan has not pleaded facts showing that Congress waived the United States's sovereign immunity in the context of the Complaint's allegations, and for that reason, the district judge should dismiss this case for lack of jurisdiction.

Furthermore, the relief Nolan seeks – a court order directing the United States to investigate matters concerning Nolan's allegations -- is not available. Cannady v. Rathke, No. CA 09-07 S, 2009 WL 335067, at *2, 2009 U.S. Dist. LEXIS 134445, at *6 (D.R.I. Jan. 15, 2009) (citing cases), R&R approved, 2009 WL 335067, 2009 U.S. Dist. LEXIS 10817 (D.R.I. Feb. 9, 2009). Cf. United States v. Texas, 599 U.S. 670, 677 (2023) ("'a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution'" (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"). Accordingly, the district judge should deny Nolan's motion for emergency injunctive relief, seeking a court-ordered federal investigation of Nolan's allegations.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss Nolan's Complaint (Doc. No.

3) for lack of jurisdiction and should deny the motion for emergency injunctive relief (Doc. No. 2). Then, the clerk's office should enter judgment and close this case.

      Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

                                              _____
                                              Andrea K. Johnstone
                                              United States Magistrate Judge

September 24, 2025

cc:     Carey A. Nolan, pro se